## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

MICHAEL QUINATA AGUON,
DOB: 08/30/1980

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0444-20**
GPD Report No. 20-20129

**DECISION & ORDER
RE. DEFENDANT'S MOTION TO
DISMISS FOR WANT OF
PROSECUTION**

This matter came before the Honorable Alberto E. Tolentino on April 23, 2026, for a Motion Hearing. Defendant Michael Aguon Quinata ("Defendant") was present with counsel Public Defender Ramiro Orozco. Assistant Attorney General Vernon Hosannah was present for the People of Guam ("People"). The court addressed the Defendant's Motion to Dismiss for Want of Prosecution, which was filed on March 4, 2026. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss for Want of Prosecution.

### BACKGROUND

Based on events that occurred on or about August 10, 2020, the Defendant was charged with the POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Indictment (Nov. 10, 2020). In anticipation of Jury Selection and Trial, the

Defendant asserted his right to a speedy trial on November 19, 2020. *See* Assertion (Nov. 19, 2020). Before the commencement of trial, the Defendant waived on the record and in writing on November 30, 2020. *See* Waiver (Nov. 30, 2020).

While negotiations were ongoing, the Defendant filed a Motion to Suppress on June 23, 2021. Because the Defendant was not present at the Motion Hearing to address this, the court issued a bench warrant for his arrest. *See* Mot. Hr'g Mins. at 11:14:09AM (Sep. 17, 2021). Upon the warrant's return three (3) days later, the court released him and rescheduled the Motion Hearing for a later date. *See* Return of Warrant Hr'g Mins. at 11:38:15AM (Sep. 21, 2021).

Despite the parties' stipulation to reschedule the Motion Hearing, the Defendant failed to appear for the rescheduled hearing on January 27, 2022. *See* Mot. Hr'g Mins. at 2:08:50 – 11:54PM (Jan. 27, 2022). In light of his absence and a second violation for not reporting to Probation as ordered, the court issued another bench warrant for the Defendant's arrest. *See* Bench Warrant (Jan. 28, 2022). However, this warrant was not returned until October 7, 2024. *See* Return of Warrant (Oct. 7, 2024).

Despite the court's release of the Defendant, the Defendant again failed to appear at his next hearing on January 8, 2025, which led to another bench warrant for his arrest. *See* Further Proceedings Mins. at 10:46:05AM (Jan. 8, 2025). After the warrant's return on November 25, 2025, the court suspended a fifteen-day sanction and released the Defendant from confinement. *See* Return of Warrant Hr'g Mins. at 10:17:53AM (Dec. 3, 2025).

On March 4, 2026, the Defendant filed his Motion to Dismiss for Want of Prosecution and Renewed Motion to Suppress ("Motion to Dismiss"). After the People filed a Reply to the Motion to Dismiss, the court scheduled a hearing to address the Motion to Dismiss. At the Motion Hearing, the court declined to address the Renewed Motion to Suppress until resolving the Motion

to Dismiss first. After hearing the parties' arguments on the Motion to Dismiss, the court took the matter under advisement.

## DISCUSSION

The Defendant argued that "[t]his prosecution has remained stagnant for an extended period despite repeated defense inquiries and requests for plea discussions." Def.'s Mot. Dismiss (Mar. 4, 2026). "If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint." 8 GCA § 80.70(b). Before granting dismissal under 8 GCA § 80.70(b), the court must determine whether a case's delay was unnecessary enough to find a violation of the Defendant's constitutional right to speedy trial.

The Sixth Amendment protects the right to a speedy and public trial in all criminal prosecutions against the accused. *See* U.S. Const. amend. VI. For U.S. citizens residing in Guam, "[t]he Sixth Amendment to the United States Constitution, incorporated by the Organic Act of Guam, guarantees the accused the 'right to a speedy and public trial.'" *People v. Mendiola*, 2023 Guam 12 ¶ 21 (citing U.S. Const. amend. VI.; 48 U.S.C.A. § 1421b(g); 8 GCA § 1.11(a) (2005)).

The Guam Supreme Court has previously determined whether a person's constitutional right to speedy trial was violated when considering, as a whole, the following factors in *Barker v. Wingo*: (1) the length of the delay; (2) the cause of the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay. *People v. Mendiola,* 2015 Guam 26 ¶ 13 (quoting *Barker v. Wingo,* 407 U.S. 514, 530-33 (1972)). This court will now review the *Barker* factors to determine whether the Defendant's constitutional right to a speedy trial was violated. [1]

---

[1] The Defendant cited to this court's analysis of the factors under *Barker v. Wingo*; specifically, the court's Decision and Order issued in Criminal Case No. CM0262-21. *See* Def.'s Mot. Dismiss at 2. Due to incomplete citations to its previous Decision and Order, the court reminds counsel of relevant standards for citing authority.

## A. The Length of the Delay

The first *Barker* factor to review is how long of a delay exists in the Defendant's case. "The length of the delay is measured from the point of arrest or indictment until trial." *People v. Naich*, 2013 Guam 7 ¶ 50 (citing *People v. Flores*, 2009 Guam 22 ¶ 43). Until there is delay that is presumptively prejudicial, there is no need for inquiry into or balancing of the other *Barker* factors. *See Barker*, 407 U.S. at 530. The more serious or complex the charge, the greater the length of delay that will be tolerated. *Id.* at 530–31.

While there is no exact amount of time that constitutes as prejudicial, the Guam Supreme Court has previously found delays of six (6) years and four (4) years to be prejudicial enough to warrant examination of the other *Barker* factors. *See Flores*, 2009 Guam 22 ¶¶ 43-44; *see also People v. Mendiola*, 1999 Guam 8 ¶ 24. However, the Court has also held that an eighteen-month delay did not rise to the level of a constitutional violation when much of that time was attributable to the defendant. *See Naich*, 2013 Guam 7 ¶ 57.

Without giving a specific length of delay, the Defendant argued that this case "has been pending for years," which was "sufficient to trigger constitutional analysis." Mot. Hr'g Mins. at 3:23:23 – 48:55PM (Apr. 23, 2026). Additionally, the People made no comment on whether the length of delay in this case was presumptively prejudicial pursuant to *Barker*.

Upon the court's review of the case, the Defendant was indicted for POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) on November 10, 2020. *See* Indictment (Nov. 10, 2020). Because this case has not gone to trial, the court notes that it has been approximately five (5) years and seven (7) months between the time of Indictment and the filing of his Motion to Dismiss. The length of this delay on a single, felony possession charge is longer than the maximum amount of imprisonment the Defendant faces if found guilty or entered

his guilty plea – three (3) years.[2] Therefore, the court finds that the length of this delay is presumptively prejudicial enough to warrant further review of the other *Barker* factors.

## B. The Cause of the Delay

Under the second *Barker* factor, the court must review the People's reasons for the delay in bringing the Defendant to trial. In comparison to "[a] deliberate attempt to delay trial in order to hamper the defense," a more neutral reason for the People's delay is weighed less heavily but still requires consideration. *Mendiola*, 1999 Guam 8 ¶ 61 (quoting *Barker*, 407 U.S. at 531).

The People argued that this case "would have been settled years ago, either by trial or plea." Ppl.'s Response at 3. However, "an urgent trial date scheduled for March 1st, 2021… was followed by Violation Reports, Motions to Suppress and Stipulations." *Id.* In contrast, the Defendant indicated that he "sought plea negotiations and resolution since late 2025, yet no plea offers or discovery update has followed." Def.'s Mot. Dismiss at 2.

Because neither party addressed the Defendant's warrants in their written pleadings, the court reminds the parties of the warrants issued for his arrest in this case: (1) Bench Warrant issued on September 17, 2021, that was returned on September 20, 2021; (2) Bench Warrant issued on January 28, 2022, that was returned on October 7, 2024; and (3) Bench Warrant issued on January 15, 2025, that was returned November 25, 2025.[3] After rescheduling the Defendant's Motion Hearing due to his nonappearance, the court also notes that the parties previously stipulated to continue the hearing once more. *See* Stipulation & Order (Nov. 18, 2021).

---

[2] "In cases where § 67.401.11 is applicable to the sentencing of a person, a person who has not been previously convicted of a felony relative to the possession of any controlled substance and has been convicted of a felony for the first time relative to possession of methamphetamine shall be sentenced to *a term of imprisonment of no more than three (3) years* and a fine of Five Thousand Dollars ($5,000.00)." 9 GCA § 67.401.12 (emphasis added).

[3] *See* Bench Warrant (Sep. 17, 2021); *see also* Return of Warrant (Sep. 20, 2021); *see also* Bench Warrant (Jan. 28, 2022); *see also* Return of Warrant (Oct. 7, 2024); *see also* Bench Warrant (Jan. 15, 2025); *see also* Return of Warrant (Nov. 25, 2025).

While the Defendant attributes some of the delay in this case to receiving no "discovery update" from the People, the Defendant did not raise any issue over the People's compliance with its discovery obligations in this case until approximately five (5) years and five (5) months after the court's discovery deadline of January 5, 2021. *See* Def.'s Mot. Dismiss at 2; *see also* Criminal Trial Scheduling Order (Dec. 14, 2020).

Despite all of this, the Defendant argued that the People have had ample time to move forward in resolving this case. *See* Mot. Hr'g Mins. at 3:23:23 – 48:55PM (Apr. 23, 2026). The Defendant's bench warrants, the parties' previous stipulation, and oral requests to continue negotiations made on the record do not show that the People deliberately attempted to delay trial to hamper the defense. Therefore, the court finds that the cause for the delay weighs against the Defendant.

**C. Defendant Aguon's Assertion of His Right to a Speedy Trial**

This next factor calls this court to consider the Defendant's assertion of speedy trial. In order to successfully argue that a Sixth Amendment violation has occurred, a defendant bears the responsibility to proactively assert a speedy trial claim. *See Mendiola*, 1999 Guam ¶ 29 (citing *Barker*, 407 U.S. at 529). "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532. Even with a defendant's assertion of speedy trial, which is entitled to strong evidentiary weight, the court must exercise its judicial discretion, viewing that assertion in light of the defendant's other conduct. *See Flores*, 2009 Guam ¶ 47 (citing *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986)).

As to this third factor, the Defendant made no comment on his previous assertion of speedy trial in the Motion to Dismiss. Conversely, the People cited to the Defendant's previous assertion of speedy trial in its Response but stated on the record that "the Defendant could have asserted at

any time but chose not to." Mot. Hr'g Mins. at 3:23:23 – 48:55PM (Apr. 23, 2026). Based on the court's review of this case, the Defendant did assert his right to speedy trial on November 19, 2020, before his eventual waiver on November 30, 2020. *See* Assertion (Nov. 19, 2020); *see also* Waiver (Nov. 30, 2020).

After filing his waiver, the Defendant filed a Motion to Suppress on June 23, 2021. Aside from the bench warrants issued for the Defendant's arrest, the Defendant also made at least two requests to vacate the trial date and represented that an offer letter was received.[4] The Defendant's most recent conduct was the Defendant's Motion to Dismiss and Renewed Motion to Suppress on March 4, 2026. In light of the Defendant's other conduct, the court finds that this factor weighs against him.

**D. The Presence or Absence of Prejudice Resulting from the Delay**

The last factor for the court to review is whether the Defendant suffered any prejudice due to the delay in this case. An "[i]nordinate delay between public charge and trial" may (1) prejudice "a defense on the merits"—such as through the deterioration of crucial evidence, unavailability of witnesses, or subversion of the defendant's ability to prepare for trial—or (2) seriously prejudice "defendant's liberty, . . . disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *People v. Corpuz*, 2019 Guam 1 ¶ 25; *United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016) (quoting *United States v. Taylor*, 487 U.S. 326, 340-41 (1988)) (explaining prejudice to defendant may come in trial prejudice or non-trial prejudice); *People v. Aromin*, 2014 Guam 3 ¶ 24. Because this case did not go to trial, the court will examine the existence of any non-trial prejudice against the Defendant.

---

[4] *See* Further Proceedings Mins. at 9:25:29 – 27:46AM (Feb. 15, 2021); *see also* Further Proceedings Mins. at 9:22:03 – 25:31AM (Feb. 23, 2021); *see also* Further Proceedings Mins. at 1:49:05 – 49:47PM (Mar. 8, 2021).

this case did not go to trial, the court will examine the existence of any non-trial prejudice against the Defendant.

As to the offenses charged in this case, the Defendant argued that the People's neglect caused substantial prejudice in the following ways: (1) witness memory and evidence have deteriorated since the 2020 offense; (2) the Defendant's ability to investigate or prepare a defense is impaired; and (3) he remains under restrictive release conditions, sustaining anxiety and reputational harm. *See* Def.'s Mot. Dismiss at 3.

When asked about these possible prejudices to the Defendant at the Motion Hearing, however, the Defendant noted that he is presuming that after six (6) years of delay, "clearly memories have faded." Mot. Hr'g Mins. at 3:23:23 – 48:55PM (Apr. 23, 2026). Although he has not been in confinement for some time, the Defendant argued that he is still prejudiced by "the risk of revocation for violations" in this case. *Id.* Although the Defendant was not clear as to what revocation he could be subjected to, the only thing that the court can revoke in this pre-trial matter is his pre-trial release status. Without more than conclusory presumptions of prejudice suffered by the Defendant, the court is not convinced that the prejudice was so substantial to prove unnecessary delay in this case. Therefore, the court finds that this factor weighs against the Defendant.

Because majority of the *Barker* factors weigh against the Defendant, the court finds that there was no violation of his constitutional right to speedy trial and denies the dismissal of this case.

## CONCLUSION

For reasons stated above, the court hereby **DENIES** the Defendant's Motion to Dismiss for Want of Prosecution.

A Further Proceedings is scheduled before this court on July 29, 2026, at 2:00PM.

**SO ORDERED** JUL 17 2026 .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
AG, f MSC

Date: 7/17/26 Time: 10:08am
Antonio A Cruz
Deputy Clerk, Superior Court of Guam